William C. Hecht, Jr., J.
Plaintiff applies for an injunction pendente lite to compel persons affiliated with Local 485 of the International Union of' Electrical Radio and Machine Workers to cease picketing which is allegedly for the purpose of coercing plaintiff to recognize Local 485 as the collective bargaining agent of plaintiff’s employees.
Plaintiff is engaged in the manufacture of plastic and textile products. Since April 21,1953 it has had a collective bargaining agreement with Local 229 which agreement was extended on December 12, 1956 to October 1, 1958. According to plaintiff, it enjoyed peaceful labor relations with its employees and Local 229 until August 21, 1957 when many of its employees commenced picketing plaintiff’s premises on behalf of Local 485.
Service of process was not effected upon Local 485 and the application is opposed by the individual defendants who were served. The gist of the opposition to the present application may be summarized in defendants’ contention that they desire “ clean unionism ”. They argue that they will be justified in picketing until plaintiff repudiates its existing agreement with Local 229 and consents to a labor agreement with them.
It is fair to conclude from an analysis of the record that the controversy here is not a labor dispute. There is no quarrel between the employer and Local 229, both of which recognize the existence of a contract which by its terms does not expire until 1958.
Disregarding innuendoes and inferences which defendants would have the court draw, there has been no showing of any collusion between the employer and Local 229. Moreover, there is no proof that Local 229 is a creature of the employer, as *1032 alleged by defendants, or that the contract in question is not valid and subsisting. The plaintiff has been paying a minimum of 80 cents per hour which exceeds the minimum wage set by the Federal Government at the time the contract was executed. Moreover, under the extension agreement the employees were granted an increase of $3 per week in wages with other fringe benefits, including a welfare fund.
Stripped of all extraneous factors this situation involves a struggle between rival unions for the privilege of representing plaintiff’s employees. In those areas of the field of labor relations that have been preempted by Congress, our courts may not assume jurisdiction. Here, however, where there is no labor dispute the court is not without power to prevent injustice to the employer (Florsheim Shoe Store Co. v. Shoe Salesmen’s Union, 288 N. Y. 188; Goodwins, Inc., v. Hagedorn, 303 N. Y. 300).
The court will not sit supinely by to watch the destruction of a business whose owners have merely been charged, without proof, with collusive conduct and the obtaining and maintaining of a union of which the employees have been members for several years. In this connection it is not denied that plaintiff is being prevented from making shipments of merchandise amounting to $10,000 daily. The irreparable damage to plaintiff as compared to the lack of harm and inconvenience to the defendants by affording the relief requested is so out of balance and proportion as to require the granting thereof. As plaintiff points out, the relief will operate to preserve the status quo under the existing collective bargaining agreement until the controversy between the two unions had been determined “ on a battleground other than plaintiff’s premises ”.
There is no question but that there is a collective bargaining agreement in full force and effect and, as was held in Matter of Triboro Coach Corp. v. State Labor Relations Bd. (286 N. Y. 314) the union members have no right to breach that agreement by the selection of a new bargaining representative in order to impair the existing contract. Any complaint about unfair labor practice can be adjudicated by the National Labor Relations Board. Consequently, the motion is granted; bond $5,000. Plaintiff requests an early trial. At the election of defendants the order to be submitted on notice may make provision therefor. Cross motion of defendants to dismiss the complaint is denied.